UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIMBERLY LANE, ) | |
| ) | |
| Plaintiff, ) | 3:09-cv-00260-LRH-RAM |
| ) | |
| v. ) | |
| ) | ORDER |
| KAREN FONTAINE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the court is Defendants Nevada System of Higher Education ("NSHE"), Karen Fontaine, Pat Durham-Taylor, and Mary Love's Motion to Quash the Service of Summons or to Dismiss (#8[1]).[2]

This case concerns Plaintiff Kimberly Lane's claims that she was terminated from the Truckee Meadows Community College's Nursing Program in violation of her rights under the Fourteenth Amendment of the United States Constitution. Defendants have moved to dismiss or quash Lane's service of summons due to Lane's failure to specify the correct time period Defendants had to respond to the complaint pursuant to Nevada Rule of Civil Procedure 12(b)(3).

///

---

[1] Refers to the court's docket entry number

[2] Defendants originally filed their Motion to Dismiss or to Quash in state court. After removal, Defendants re-filed the motion in this court as exhibits to the parties' Joint Status Report (#8) on June 15, 2008.

## I. Legal Standard

Because Lane originally filed her complaint in state court, the motion must be decided under the Nevada Rules of Civil Procedure. *Lee v. City of Beaumont*, 12 F.3d 933, 936-37 (9th Cir. 1993) (noting that "[t]he issue of the sufficiency of service of process prior to removal is strictly a state law issue"), *overruled on other grounds by Cal. Dep't Water Res. v. Powerex Corp.*, 53 F.3d 1087, 1091 (9th Cir. 2008). Nevada Rule of Civil Procedure 4(b) requires that the summons state the "time within which the defendant must appear and defend . . . ."

When applying the Nevada Rules of Civil Procedure, the court may look to the corresponding Federal Rules for guidance. *Am. Home Assurance Co. v. The Eighth Judicial Dist.*, 147 P.3d 1120, 1238 n.28 (Nev. 2006); *Lawler v. Ginochio*, 584 P.2d 667, 668 (Nev. 1978). In federal court, Federal Rule of Civil Procedure 4 governs the service of summons. Under Rule 4, defects in the form of process that are harmless to a defendant are amendable. Fed. R. Civ. P. 4(a)(2). Thus, mindful that plaintiffs should not be denied their day in court because of a technical oversight, federal courts frequently grant amendments to cure defective process. *Surowitz v. Hilton Hotel Corp.*, 383 U.S. 363, 373 (1966) ("The basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals . . . .").

In contrast, defects that cause prejudice to defendant or reflect a party's flagrant disregard for the requirements of Rule 4(a) are generally not considered curable by amendment. 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1088 (3d ed. 2008). In those cases, the court may either dismiss the complaint without prejudice for lack of proper service or simply quash the summons, preserve the action, and require plaintiff to re-serve defendant. *Id.*

## II. Discussion

Defendants argue that Lane's failure to specify the correct time to file a responsive pleading warrants dismissal of the complaint because, in violation of Nevada Rule of Civil Procedure 4, the summons fails to state that the State of Nevada and its officers and employees shall have 45 days to

respond to a complaint.  Nev. R. Civ. P. 4(b), 12(a)(3); Nev. Rev. Stat. § 41.0341.

Because the purpose of Rule 4 is to provide notice of the commencement of an action, several courts have embraced the view that a summons specifying an incorrect time for the submission of an answer normally should be deemed cured by defendant's responding to it.  *See* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1088 (3d ed. 2008) ("[A] summons specifying an incorrect time for the submission of an answer normally should be deemed cured by the defendant's responding to the process by filing an answer . . . .").  Although none of the Defendants here have filed an answer, they did file a motion to dismiss or quash, which confirms their awareness of the action.

Defendants nevertheless assert that Lane's indiscretion resulted in prejudice because Lane "would have sought a default judgment" had they not filed a motion to dismiss or quash.  (Mot. to Quash (#8), Ex. 3 at 2:19-20.)  This argument lacks merit.  Prejudice must be actual, not hypothetical.  *See United Food & Commercial Workers Union v. Alpha Beta Co.*, 550 F. Supp. 1251, 1255 (N.D. Cal. 1982) (noting respondent "suffered no perceptible prejudice . . . [because the error] was technical"); *Crane v. Batelle*, 127 F.R.D. 174, 178 (S.D. Cal. 1989) (denying defendant's motion to quash because a mistake was innocent, prejudice was insubstantial, and defendant had sufficient notice).

Accordingly, because Lane's failure to specify the correct time period in the summons was merely technical and fails to result in any prejudice to Defendants, the summons shall be amended *nunc pro tunc* to reflect that Defendants have 45 days to respond.  Further, the summons shall be tolled to compensate for the time consumed by this motion to avoid any prejudice to Defendants.

///
///
///
///

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss or Motion to Quash (#8) is DENIED.

IT IS SO ORDERED.

DATED this 14th day of January, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE